**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**SHARIFULLAH SHARIF-ZOI,**

*Petitioner*,

v.                                                                    **Case No. 5:26-CV-0833-JKP**

**BOBBY THOMPSON, et al.,**

*Respondents.*

**ORDER DENYING MOTIONS**

Before the Court is a Motion for Temporary Restraining Order or, in the alternative, for a Preliminary Injunction (ECF No. 2) and an Opposed Motion to Expedite (ECF No. 8). The relief Petitioner seeks through the first motion essentially mirrors the ultimate relief sought on the merits of this already expedited proceeding under 28 U.S.C. § 2241. *Compare* ECF No. 1 *with* ECF No. 2. Such circumstances justify denying the motion and proceeding directly to the merits of the habeas petition itself. *See*, *e.g.*, *Garcia-Aleman v. Thompson*, No. SA-25-CV-886-OLG, unpub. order at 1–2 (W.D. Tex. Oct. 30, 2025) (collecting cases); *Chambliss v. Ashcroft*, No. 3:04-CV-0298-D, 2004 WL 718998, at *2 (N.D. Tex. Apr. 1, 2004) (recommendation of Mag. J.) (recommending denial of similar motion because preliminary relief sought was "the same as the relief sought through the habeas petition") *adopted by* No. 3:04-CV-0298-D, 2005 WL 724206 (N.D. Tex. Mar. 30, 2005). Indeed, prompt resolution is already contemplated by the nature of the writ itself. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted."); *Harris v. Nelson*, 394 U.S. 286, 291 (1969) (reiterating that "the office of the writ is to provide a prompt and efficacious remedy" and habeas proceedings "must not be allowed

to flounder in a 'procedural morass'"). Accordingly, the Court denies the motion for temporary restraining order.

As for the motion to expedite, the Court has already issued an Order for Service that enters a limited stay and expedites the briefing. Unfortunately, given the flood of habeas petitions filed in the Western District of Texas, the Court has been unable to reach the merits of this case as quickly as it would like. Despite the efforts of the judges and staff, immigration proceedings in the Western District of Texas, and particularly the San Antonio Division, have floundered or seem to have floundered for various reasons—but not due to lack of diligence, care, or consideration. Primarily, it is simply the sheer number of immigration habeas cases filed here that have created difficulties in reaching cases as quickly as everyone would prefer. Understandably, Petitioner is anxious for an expedited ruling and thus moves to further expedite this matter.

Despite Respondents' initial statement that they oppose motions to expedite in general, they have filed no response in opposition. And while this makes the motion uncontested and permits the Court to summarily grant the motion, *see* W.D. Tex. Civ. R. 7(d)(2), such a grant is not mandated. Indeed, this Court often denies motions to expedite in a brief text order while explaining that it has hundreds of habeas petitions raising similar claims. Naturally, some circumstances may justify even greater expediency in addressing a particular habeas petition. But the mere continued detention of a Petitioner is not enough of itself. This is so because every Petitioner is in similar detention.

Through the instant motion to expedite, Petitioner simply provides no basis to expedite this case more than the Court's normal procedures permit. Finite resources, such as judicial time and staffing, must be spread over hundreds of similar habeas petitions. Undoubtedly, habeas matters have great urgency. Nevertheless, courts remain constrained by temporal and physical constraints

that do not evaporate when faced with a habeas petition. Even with the influx of habeas cases, courts must be able to control and prioritize the wide variety of habeas issues coming before them. This necessarily means that some habeas cases will be addressed before others. And there are numerous factors that go into each choice as to the next case in line. One, of course, is earliest filing. Another could be length of detention. But there are still many others that may tilt the scales of justice to address a particular case.

Courts may naturally gravitate to habeas cases that appear to have a clear and distinct meritorious claim. Spending time and resources on habeas cases that ultimately lack merit certainly serves a purpose, but that purpose pales in comparison to addressing an issue that entitles a petitioner to habeas relief. This is especially so when the entitled relief is release from detention. Nevertheless, immigration habeas actions present complex issues that are subject to much disagreement and dispute. Thus, by their very nature habeas actions often do not lend themselves to easy resolution. That begins to change, however, when a consensus forms among various lower courts. Or even more definitive, when a binding opinion emerges from the United States Supreme Court or the governing court of appeals. And once a particular judge has settled on a pathway that grants habeas relief, such judge generally follows that path unless different facts or a change in law (or interpretation of law) warrant revision or a changed course.

This case presents multiple legal issues that this Court has not yet issued a reasoned opinion. The case primarily concerns enforcement of Petitioner's rights as a member of class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.) while also asserting a violation of due process resulting from Petitioner's continuing prolonged detention without an individualized bond hearing. Claims of prolonged detention are currently in an uncertain posture given recent events at the Fifth Circuit. *See Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th

3

Cir.) (affirming habeas relief on a claim of prolonged detention), *reh'g en banc granted, opinion vacated*, 181 F.4th 608 (5th Cir. 2026) (vacating opinion for en banc review). And had that case not gone to en banc review, the case may have provided a basis to grant relief in this case or others. But the analysis of the case is now in a less definitive posture.

Additionally, while due process claims based on prolonged detention may be closely analogous to the due process claims that have resulted in grants of release by this Court, the analysis of this Court has not focused or addressed the length of any such detention. It has instead focused on pre-detention due process that is required for those who have established significant contacts or presence in the United States and/or on pre-detention due process that is required for those who are detained while complying with an active immigration release. This case is taking longer to proceed to culmination because it differs from the types of habeas cases where the Court has granted release.

After Petitioner entered the United States without inspection on August 27, 2025, he was apprehended and detained by immigration authorities. He has not been released from that detention. Nor has he had any opportunity to build a life in the United States, establish significant contacts, or establish a residence or domicile here. In addition, he is not subject to a final order of removal. Respondents assert that they detain him under authority of 8 U.S.C. § 1225(b)(2). These facts and the legal ramifications therefrom differ from cases where this Court has granted habeas relief. At this point, the Court has not decided whether any claim in this case warrants relief. The case has not gone without review. It has simply not garnered an ultimate decision yet. Regrettably, many cases lie within this same realm, and each are entitled to diligent resolution. But the dictates of time and resources preclude the Court from quickly reaching each case that has potential merit.

For the foregoing reasons, the Court **DENIES** the Motion for Temporary Restraining Order

4

or, in the alternative, for a Preliminary Injunction (ECF No. 2) and **DENIES** the Opposed Motion to Expedite (ECF No. 8). Unless a party has significant and specific reasons for a motion to expedite, such motions simply tax already limited judicial resources. Similarly, advisories as to new, relevant court decisions do little to advance a pending case. That said, however, if counsel is aware of new binding authority on an issue, the Court welcomes submission of such authority through an Advisory to the Court. Merely persuasive cases likely do not share the same welcome, unless the authority is particularly thorough as to a legal issue, or otherwise particularly persuasive.

**IT IS SO ORDERED this 10th day of August 2026.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**